

# THE ATTORNEY GENERAL

# OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

November 12, 1952

Hon. George M. Kelton
County Attorney
Ector County
Odessa, Texas

Opinion No. V-1537

Re: Authority of the county
clerk to refuse to return
instruments filed for re-
cording but not yet actual-
ly recorded.

Dear Sir:

Your request for an opinion of this office
reads in part as follows:

"Your office is requested to render an
opinion as to whether or not the County
Clerk of Ector County should or should not
return instruments without recording same
which have been filed or deposited with her
for recording and which have been endorsed
as filed but which are requested to be re-
turned by the depositor prior to the time
said instruments have actually been recorded
by the County Clerk. Our County Clerk is
concerned with this matter inasmuch as it
complicates her book-work when instruments
are returned without recording after same
have been filed."

Articles 6591, 6594, 6595, and 6596, V.C.S.,
are pertinent to your inquiry and provide as follows:

"County clerks shall be the recorders
for their respective counties; they shall
provide and keep in their offices well
bound books in which they shall record all
instruments of writing authorized or required
to be recorded in the county clerk's office
in the manner hereinafter provided."

"When any instrument of writing author-
ized by law to be recorded shall be deposited
in the county clerk's office for record, if
the same is acknowledged or proved in the
manner prescribed by law for record, the clerk

shall enter in a book to be provided for
that purpose, in alphabetical order, the
names of the parties and date and nature
thereof, and the time of delivery for
record; and shall give to the person de-
positing the same, if required, a receipt
specifying the particulars thereof."

"Each recorder shall, without delay,
record every instrument of writing author-
ized to be recorded by him, which is de-
posited with him for record, with the ac-
knowledgements, proofs, affidavits and
certificates thereto attached, in the
order deposited for record by entering
them word for word and letter for letter,
and noting at the foot of the record the
hour and the day of the month and year when
the instrument so recorded was deposited in
his office for record." (Emphasis added
throughout.)

"Every such instrument shall be con-
sidered as recorded from time it was de-
posited for record; and the clerk shall
certify under his hand and seal of office
to every such instrument of writing so rec-
orded, the hour, day, month and year when
he recorded it, and the book and page or
pages in which it is recorded; and when
recorded deliver the same to the party en-
titled thereto.

The above statutes require the county clerk
to record without delay every instrument of writing
authorized to be recorded by him which is deposited
with him for record. Article 6596 provides that the
instrument shall be considered as recorded from the
time it is deposited for recording, and when recorded
it shall be delivered to the party entitled thereto.
Therefore, we agree with you that the county clerk is
not authorized to return an instrument in such a case
until it has been recorded.

## SUMMARY

The county clerk is not authorized to return instruments, filed with him recording, until they have been recorded in the county clerk's office.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Executive Assistant

Charles D. Mathews
First Assistant

BA:am

PRICE DANIEL
Attorney General

By *Bruce Allen*
Bruce Allen
Assistant